```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF WISCONSIN
```

RYAN K. ROZAK,

                        Plaintiff,

    v.

PATRICK CHAMBERLIN, RANDALL R. HEPP,
DYLON RADTKE, LAURA BARTOW,
MATTHEW PATTEN, BRAD HOMPE,
CRIS O'DONNELL, S. BETHKE, BRAD MLODZIK,      OPINION and ORDER
DAN DAY, GEORGE COOPER, KAREN GOURLIE,
CHRIS KRUEGER, WELCOME ROSE, MORGAN,         20-cv-8-jdp
CHARLES FACKTOR, J. BOVEE, EMILY DAVIDSON,
GREG PAHL, MICHAEL OTTO, C. WHITMAN,
L. ALSUM, DENISE BONNETT, N. SHANNON,
A. ROLLKE, CANDI SPULDARN, JULIE LUDWIG,
APRIL SCHULTZ, and M. LINNG,

                        Defendants.

Plaintiff Ryan K. Rozak, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Rozak alleges that his constitutional rights have been violated in a variety of ways by defendant prison officials. Rozak has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Rozak's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers, *Arnett v. Webster*,

658 F.3d 742, 751 (7th Cir. 2011). I conclude that Rozak cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure.

The problem with the complaint is that Rozak is trying to bring multiple sets of claims against different sets of prison officials, which violates Federal Rules of Civil Procedure 18 and 20 by joining claims together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims against them arise out of the same transactions or occurrences and present questions of law or fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Rozak names 29 officials as defendants, and he says that defendants violated his rights in a variety of ways:

- Prisoners are subjected to numerous substandard conditions of confinement, such as overcrowding, asbestos being released from pipes and floor tiles, an inaccurate fire plan, moldy bathrooms, insect infestations, inadequate ventilation, and crumbling exteriors of buildings.

- Some of the units get special privileges that Rozak's unit does not.

- Medical staff refuse to refill his medications and took away his high-calorie snack bag.

- Medical visits have expensive copayments.

- Food services staff provide inadequate and unhealthy meals.

- Defendants are retaliating against him for filing grievances and lawsuits.

These are far too many different types of allegations added together for one lawsuit, particularly given that Rozak has named so many different prison officials as defendants, most of whom appear to be involved in only small parts of the allegations listed above.

I will give Rozak a short time to respond to this order by submitting a brand-new amended complaint, limiting his allegations to those that will fit together into one lawsuit under Rules 18 and 20. He may want to start by picking one of the listed items above, although he will still need to explain how each of the actions he says violated his rights are related to each other so that I may consider them to be part of the same set of events under Rule 20. For instance, Rozak says that his conditions of confinement are substandard in many ways. Not all of those conditions may belong in the same lawsuit if different sets of defendants are responsible for different problems. Regardless what allegations he incudes in his amended complaint, he will need to explain how each of the defendants he names violated his rights.

If Rozak wishes to pursue claims about events unrelated to the events he selects for his amended complaint, he may file additional lawsuits with brand-new complaints recounting those events. But he will owe another filing fee for each new lawsuit he brings.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 18 and 20.

2. Plaintiff may have until February 17, 2020, to submit a new complaint that complies with Rules 18 and 20.

Entered January 28, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge