IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                        Plaintiff,

    v.

PATRICK CHAMBERLAIN, RANDALL R. HEPP,                  ORDER
DYLON RADTKE, LAURA BARTOW,
MATTHEW PATTEN, BRAD HOMPE,                              20-cv-8-jdp
CRIS O'DONNELL, EMILY DAVIDSON,
MICHAEL MEISNER, BRAD MLODZIK,
and KURT VOSSEKUIL,

                        Defendants.

---

Plaintiff Ryan K. Rozak, appearing pro se, alleges that problems with the heating and ventilation system at Fox Lake Correctional Institution force him to be subjected to extreme cold in the winter, extreme heat in the summer, and poor-quality air that causes him health problems. Rozak has filed a motion for the appointment of counsel to assist him with his case, stating that the litigation about the prison ventilation system will be complex, that he has limited legal knowledge or skills, and that he has limited access to the law library. Dkt. 26. He also asks for the court to delay defendants from deposing him until counsel is recruited for him. Dkt. 25.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of*

*McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Rozak has submitted correspondence showing that he has contacted three lawyers who have turned hm down, so he has met this requirement.

This court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

I am not convinced that this case is one requiring the assistance of counsel. Rozak's lack of legal knowledge and access to the law library is commonplace among pro se litigants in this court, and he does not lack experience—he has filed several cases in this court, and he took a case all the way to trial three years ago. *See Rozak v. Randt*, No. 15-cv-367-jdp. So there's no reason to think that Rozak needs counsel more than most of the prisoners who file lawsuits here. And it is too early to tell whether Rozak's claims will boil down to issues about the ventilation system that are too complex for Rozak to litigate himself.

I will deny Rozak's motion without prejudice, which means that he can ask again if he continues to believe that he is unable to litigate the lawsuit. But if he files another request for

appointment of counsel, he will have to explain what specific litigation tasks he cannot perform himself.

I will also deny Rozak's motion to postpone his deposition pending recruitment of counsel. Defendants are entitled to depose Rozak provided they comply with the Federal Rules of Civil Procedure and this court's orders, and Rozak's pro se status is not a reason to postpone a deposition.

## ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's motion for the court's assistance in recruiting him counsel, Dkt. 26, is DENIED without prejudice.

2. Plaintiff's motion to postpone his deposition, Dkt. 25, is DENIED.

Entered April 2, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge