IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN K. ROZAK,

                         Plaintiff,

   v.

PATRICK CHAMBERLAIN, RANDALL R. HEPP,                 ORDER
DYLON RADTKE, LAURA BARTOW,
MATTHEW PATTEN, BRAD HOMPE,                               20-cv-8-jdp
CRIS O'DONNELL, EMILY DAVIDSON,
MICHAEL MEISNER, BRAD MLODZIK,
and KURT VOSSEKUIL,

                         Defendants.

---

Plaintiff Ryan K. Rozak, appearing pro se, alleges that problems with the heating and ventilation system at Fox Lake Correctional Institution force him to be subjected to extreme cold in the winter, extreme heat in the summer, and poor-quality air that causes him health problems. Several motions are before the court.

**A. Motion for leave to amend complaint**

Rozak has filed a supplement to his complaint in which he seeks to add new Eighth Amendment claims regarding his conditions of confinement: he says that prison staff subjected him to insect and rodent infestations and a lack of fire safety. Dkt. 30. Under Federal Rule of Civil Procedure 15(a)(2), the court should freely grant leave to amend when justice so requires. The court need not grant leave "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Defendants contend that Rozak has unduly delayed in filing his supplement, that further amendment would prejudice them, and that at least part of the proposed amendment would be futile.

I agree with defendants that Rozak unduly delayed in adding these claims. This is the fifth complaint or supplement that Rozak has filed in this case. I dismissed his first two complaints—both of which included allegations about insect and rodent infestations and the lack of fire safety as well as an assortment of other allegations—for violating Federal Rules of Civil Procedure 18 and 20. *See* Dkt. 6 and 8. Rozak eventually pared down his complaint, limiting it to claims about the prison's heating and ventilation system.

Even though Rozak's proposed new claims could be joined in this case under Rule 18 because all of the defendants mentioned in the supplement are already part of the case, it is too late for him to resurrect his proposed claims about these other conditions of confinement. Rozak waited nine months after being granted leave to proceed on his heating and ventilation claims to file this supplement. Trial is set for May 2022; joining Rozak's new claims would put that date in severe jeopardy to accommodate a new round of discovery. Rozak has had more than enough chances to timely state his claims in this case, particularly given that his proposed new allegations relate to events that occurred in 2019 and were known to him before he filed his original complaint. I will deny his motion to supplement his complaint.

**B.  Motion for recruitment of counsel**

Rozak renews his motion for the court's assistance in recruiting him counsel, stating that he is not an expert in heating and ventilation technology and that he is no longer receiving the help of another inmate who had been instrumental in preparing his previous submissions. Dkt. 37. But I am still not convinced that this case is one of the relatively few in which it is necessary to recruit counsel. Rozak remains an experienced litigant who has recently conducted a trial in this court, *see Rozak v. Randt*, No. 15-cv-367-jdp, so he has shown that is he capable of representing himself. It is also too early to tell whether the case will turn on complex issues

regarding heating and ventilation technology. After the parties' summary judgment is completed and my review of that briefing reveals that the case truly boils down to issues too complex for Rozak to handle, I will again consider his motion for counsel. But for now I will deny it without prejudice.

## C. Motions to amend schedule

Both sides filed motions asking to stay the schedule pending a ruling on Rozak's proposed supplement to the complaint, and they also seek to extend the expert disclosure deadlines. Dkt. 39; Dkt. 40; Dkt. 42. But both sides followed with motions for summary judgment and defendants submitted expert disclosures focused on Rozak's heating and ventilation claims. So the parties' requests in these motions are largely moot. The one remaining active issue from these motions is Rozak's request to extend his expert-disclosure deadline. But I won't extend this deadline any further because there is no indication that he has made any progress in finding an expert. In his summary judgment materials, Rozak should focus on presenting information from his own firsthand experience and any other evidence he produces. If the case truly comes down to complex issues requiring expert testimony, I will consider recruiting counsel for Rozak.

Rozak's later filings present other reasons to amend the schedule. Rozak's summary judgment motion does not comply with this court's procedures to be followed on summary judgment. Rozak has attached various evidence to his brief, but he does not provide a separate document containing numbered proposed findings of fact citing specific pieces of that evidence. I will deny his summary judgment motion without prejudice and attach to this order another copy of the court's summary judgment procedures, for Rozak to follow in opposing defendants' motion or in refiling his own motion.

After both parties filed their motions for summary judgment, Rozak filed a motion asking to stay the briefing schedule in part because defendants "sent[him] mostly the wrong information" in response to his discovery requests. Dkt. 55. Rozak doesn't explain what was incorrect about defendants' responses, nor has he filed a motion to compel discovery. Nonetheless, because there is some room in the schedule to resolve discovery disputes and for Rozak to fix the flaws in his motion for summary judgment, I will grant in part Rozak's latest motion to stay the schedule. Rozak may have until November 22, 2021, to file a motion to compel discovery. Rozak's deadline to file a response to defendants' motion for summary judgment and to refile his own motion for summary judgment will be January 3, 2022.

**D. Motions to withdraw case**

Rozak has filed a motion asking the court to dismiss the case without prejudice, in part because his outstanding motions had not been resolved before summary judgment. Dkt. 56. But this order resolves those issues and sets a new briefing schedule. If Rozak still seeks to withdraw this case given my rulings above, he should submit a motion asking to renew his request.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan K. Rozak's motion for leave to supplement his complaint, Dkt. 30, is DENIED.

2. Plaintiff's renewed for the court's assistance in recruiting him counsel, Dkt. 37, is DENIED without prejudice.

3. The parties' motions to stay the schedule, Dkt. 39; Dkt. 40; Dkt. 42, are DENIED.

4. Plaintiff's motion to stay the schedule, Dkt. 55, is GRANTED in part. The schedule is amended as reflected in the opinion above.

Entered November 10, 2021.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge